Law Library

FILED
SUPERIOR COURT
GUAM

2012 OCT 23 AM 9: 54

CLERK OF COURT

BY:___

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | CRIMINAL CASE NO. CM1246-11 |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| BRANDON JAMES SAN NICOLAS, ) | **DECISION AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter came before the HONORABLE VERNON P. PEREZ on October 3, 2012 for Defendant's Motion to Suppress. Assistant Public Defender Suresh Sampath represented Defendant who was present. Assistant Attorney General James Collins appeared on behalf of the Government. The Court took the motion under advisement. After hearing the Parties' arguments, reviewing the record and considering the Parties' pleadings, the Court now issues the following Decision and Order.

## BACKGROUND

On December 11, 2011 Defendant called the police to respond to a threat of violence by another motorist. The police arrived at the scene at approximately 9:47p.m. Defendant explained that there was no collision, but he was threatened by the other motorist. The police suspected Defendant of drinking and requested to do a field sobriety test. Officer Perez arrived at approximately 10:00p.m. and conducted the FSTs with Defendant. At approximately 10:16p.m., Defendant was arrested and transported to the police precinct. Defendant filed a Notice of Motion and Motion to Suppress on August 31, 2012. On October 3, 2012, the Court heard the matter. This Decision and Order will only address Defendant's Motion to Suppress.

## DISCUSSION

Defendant moves to suppress any and all evidence obtained by Officers as a result of an unlawful detention of his person in violation of 8 Guam Code Annotated §§ 30.10-30.60, Guam's Stop and Frisk statute. Guam law provides, "[n]o person shall be detained under the provisions of § 30.10 longer than is reasonably necessary to effect the purposes of that section,

and in no event longer than 15 minutes..." 8 GCA § 30.30. Defendant argues that he was detained for more than the permitted 15 minutes, therefore, the remedy for a Stop and Frisk violation should be suppression of any and all evidence seized.

The purpose for Guam's Stop and Frisk Act is for investigatory stops where the police officer has reasonable suspicion that a person has or is about to commit a criminal offense. 8 G.C.A. § 30.10. A police officer has 15 minutes to ascertain the identity of the person detained and to determine the circumstances surrounding his presence which lead the officer to believe that he committed, was committing or was about to commit a criminal offense. 8 G.C.A. § 30.20. If probable cause arises any time after the onset of the detention, the person shall be arrested. 8 G.C.A. § 30.40. The time limitation under Section 30.10 is no longer applicable once probable cause has been formed or a defendant is arrested.

Moreover, during the investigatory stop, officers had probable cause to arrest Defendant based on his admission to having had alcoholic beverages. Defendant admitted to drinking a six pack well before 15 minutes elapsed. Once probable cause is formed during the investigatory stop, the 15 minute time limit for the purposes of Section 30.10 no longer governs. The investigatory stop then becomes a detention and need only pass a constitutional analysis against unreasonable searches and seizures guaranteed by the Fourth Amendment.

Although Defendant is correct about the law on investigatory stops, here, the Defendant was the person who called the police and the police only discovered Defendant's potential intoxication while responding to the alleged incident he was reporting. Initially, there was no investigatory stop to begin the clock. Furthermore, Defendant agreed to take the FSTs and consented to the questioning by the police once they suspected him for driving while under the influence. The Court does not find that Defendant revoked his consent to speak with the police when the police did not desire Defendant to return to his home for his driver's license. Furthermore, the entire process lasted only 16 minutes. In the event that Defendant was not free to leave and then made to wait for 15 minutes without arrest, the Court would be limited in its suppression to that one minute in excess of the rule. The Court has viewed the submissions by

the Defendant and by the Government and believes that denial of the Motion to Suppress is proper.

The United States Supreme Court has repeatedly rejected the application of a bright-line time limit for Fourth Amendment detentions. *See United States v. Sharpe*, 470 U.S. 675, 685 (1985). Although having a 'bright-line' rule would be helpful in evaluating whether an investigative detention is unreasonable, a police officer's common sense and judgment must ultimately govern their conduct. In *United States v. Place*, the court reasoned, "[s]uch a limit would undermine the equally important need to allow authorities to graduate their responses to the demands of any particular situation." *Place*, 462 U.S. 696, 709 (1983). The Guam legislature has provided a clear framework for stops for the purposes of Sections 30.30-40, which at any time probable cause appears, the person shall be arrested. The 15 minute limitation was inapplicable in this case since officers had probable cause to make the arrest.

Accordingly, the Court does not agree with Defendant's assertion that any and all evidence from a detention should be suppressed. A "detention" is limited to ascertaining the identity of the person and the circumstances surrounding his presence which lead the officer to believe that he had committed, was committing, or was about to commit a criminal offense. 8 G.C.A. § 30.20. A request for identification and investigation does not generally constitute as seizure and, most importantly, does not trigger Fourth Amendment protections. In Terry, a "detention" occurs when a "police officer accosts an individual and restrains his freedom to walk away." *Terry v. Ohio*, 392 U.S. 1, 16 (1968). The Michigan Court of Appeals suggests the determining factor in assessing whether a detention is too long in duration is "whether the police were diligently pursuing a means of investigation that was likely to confirm or dispel their suspicions" *People v. Chambers*, 489 N.W. 2d 168, 125 (1992). Thus, probable cause existed to arrest Defendant within 15 minutes of his detainment.

Even if Section 30.30 was violated, the Court finds suppression of all evidence obtained is not an appropriate remedy. The 15 minute limitation is a statutory right prescribed by the Guam legislature, not a constitutional right. The Fourth Amendment protects against unreasonable search and seizures is applicable pursuant to §1421b(c) of the Organic Act of

Guam. However, nothing in the Act incorporates the 15 minute limitation as a constitutionally afforded right to the people of Guam. As a result, the Court believes that had a violation of the 15 minute rule occurred, the appropriate remedy would be to place a limited suppression of the evidence obtained during the excess time over 15 minutes to eventual arrest. Finally, no fruit of a poisonous tree argument could apply in this case as there was no 15 minute rule violation and if there was a violation; the police would have inevitably discovered Defendant's intoxication as the evidence for that was bountiful.[1] *See Nix v. Williams*, 467 U.S. 431 (1984). Therefore, Defendant could not have the remedy he desires even in the event that a violation of 8 GCA § 30.40 occurred, which it did not.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Suppress

So **ORDERED** this 30th day of October, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of Court, Superior Court of Guam

DATE OCT 3 0 2012

JENNIFER K.J. DUENAS
DEPUTY CLERK, Superior Court of Guam

[1] Clearly, probable cause existed to find that Defendant was driving while under the influence as his personal appearance and admission of drinking indicated such.

*People v. San Nicolas,*
Decision and Order
Criminal Case No. CM1246-11                    - Page 4 of 4 -